IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARIA CONSUELO BENAVIDEZ | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. L-04-47 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Pending before the Court is Petitioner's Motion for Judicial Recommendation Against Deportation ("JRAD"). Petitioner seeks relief based on a remedy that has long since been abrogated. The Immigration and Nationality Act of 1990 repealed the Court's power to issue a JRAD for "convictions entered before, on, or after" its enactment date, November 29, 1990. Pub. L. No. 101-649, § 505, 104 Stat. 4978, 5050 (1990); *See Renteria-Gonzalez v. I.N.S.*, 322 F.3d 804, 811 n.5 (5th Cir. 2002). Petitioner pled guilty to money laundering and conspiracy to import a quantity in excess of 5 kilograms of cocaine and was sentenced on July 25, 2002. As such, petitioner is not entitled to relief. In fact, 8 U.S.C. § 1251(b) that petitioner relies on no longer exists since 8 U.S.C. § 1251 was transferred to 8 U.S.C. § 1227 on September 30, 1996. Nevertheless, even if 8 U.S.C. § 1251(b) remained in effect, petitioner would not be entitled to relief since a JRAD was not available to aliens convicted of narcotics offenses. *See Nunez-Payan v. I.N.S.,* 811 F.2d 264, 267 (5th Cir. 1987). Therefore, petitioner's request for a Judicial Recommendation Against Deportation is DENIED.

IT IS SO ORDERED.

Done this <u>26th</u> Day of May 2005, in Laredo, Texas.

_____
UNITED STATES DISTRICT JUDGE