UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARIA CONSUELO BENAVIDEZ, | § | |
| | § | |
| Petitioner, | § | |
| V. | § | CIVIL ACTION NO. L-04-47 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**Opinion and Order**

Pending before this Court is Petitioner Maria Consuelo Benavidez' Application to Re-Open her § 2255(3) Motion pursuant to FED. R. CIV. P. 60 (B)(5). In effect, such an application seeks a reconsideration of the district court's denial of her prior 28 U.S.C.§ 2255 motion. After a careful review of the pleadings, legal authorities and applicable law, the Court DISMISSES Plaintiff's Application for the reasons stated below.

**I. Background**

On April 7, 2004, Petitioner filed a motion seeking to vacate, set aside or correct her sentence pursuant to 28 U.S.C § 2255[Docket No. 1]. Because the underlying conviction from which she sought relief was entered on July 25, 2002 and no direct appeal was taken, the Court denied her motion as untimely [Docket No. 2]. In an apparent attempt to circumvent the statutory standard for filing successive § 2255 motions, Petitioner now requests that this Court re-open her prior § 2255 motion based upon *Blakely v. Washington*, 124 S. Ct 2531 (2004) and subsequent Ninth Circuit case law.

## II. Analysis

### A. Successive § 2255 Motions

The Fifth Circuit has held that Rule 60(b) motions seeking to amend or alter the judgment of a first habeas proceeding "should be construed as successive habeas petitions." *Fierro v. Johnson*, 197 F.3d 147, 151(5th Cir. 1999); *See also Hess v Cockrell,* 281 F.3d 212, 214 (5th Cir. 2002). In order to pursue a second or successive motion under §2255, the petitioner must obtain an order from a panel of the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C § 2244 (b)(3). Petitioner has not provided this court with the requisite authorization from the Fifth Circuit. Accordingly, Petitioner's Application is hereby DENIED.

### B. Certificate of Appealability

Having denied Petitioner's application, the Court also denies a certificate of appealability. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253 governs Petitioner's § 2255 motion. Thus, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336, (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, — U.S. —, 124 S. Ct. 2562, 2569 (2004) (citing *Slack v. McDaniel*, 529 U.S. 473, 484,(2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Petitioner has not met that burden. Petitioner claims that her constitutional rights were violated due to the Court's enhancement of her sentence. Petitioner claims that pursuant to *Blakely v. Washington,* 124 S. Ct 2531 (2004) and its progeny, as well as Ninth Circuit precedent, she is entitled to relief from her sentence.  Petitioner fails to realize that Ninth Circuit precedent does not bind this Court. Precedent set by the Fifth Circuit does. Nevertheless, petitioner does not have a valid claim for relief pursuant to *Blakely.* Neither *Blakley*, nor *United States v. Booker*, 125 S. Ct. 738 (2005) apply retroactively. *In re Elwood*, __ F.3d __, 2005 WL 976998 (April 28, 2005). Furthermore, Petitioner pled guilty to money laundering and conspiracy to import a quantity in excess of 5 kilograms.  Petitioner does not allege nor does she show that her sentence was enhanced or otherwise increased based on facts she did not admit during the course of her guilty plea. Petitioner has thus failed to make a substantial showing of the denial of a constitutional right.

Additionally, with regards to the Court's ruling on Petitioner's initial § 2255 motion, the AEDPA clearly imposes a one-year limitation period on movants filing a § 2255 motion. The one-year limitation period runs from the date that the judgment of conviction becomes final. Petitioner's conviction from which she was seeking relief was entered on July 25, 2002. No direct appeal was taken. Her judgment of conviction became final 10 days later, on August 3, 2002. Petitioner filed her § 2255 motion on April 7, 2004. Clearly the one-year limitation period had long since passed. Petitioner has failed to show that jurists of reason would find it debatable whether this Court was correct in its procedural ruling.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

### III. Conclusion

Because petitioner has filed a successive petition without the proper authorization, petitioner's Motion is hereby DISMISSED without prejudice.

This Court also *sua sponte* DENIES Petitioner a certificate of appealability.

IT IS SO ORDERED.

Done on this 1st Day of June, 2005 in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE